## Commonwealth v. Frasco.

*Criminal law — Sentence — Physical condition of prisoner — Removal to almshouse—Acts of May 31, 1919, and May 10, 1921.*

1. An affidavit of a physician that a prisoner, on account of age, physical condition and matters of a chronic nature, should not be confined in jail, but should be sent to an almshouse, will not justify the court in making an order under the Act of May 31, 1919, P. L. 356, removing the prisoner to an almshouse or other institution.

2. Under the Act of May 10, 1921, P. L. 433, prisoners who are not suffering from serious illness are to be kept in the prison to which they are committed, segregated from the prisoners who are, or are considered to be, in good health.

Petition for order of removal. Q. S. Schuylkill Co., Sept. Sess., 1924, No. 764.

C. M. *Palmer*, District Attorney, for plaintiff.

*Roger Prosser,* for defendant.

BERGER, J., Oct. 6, 1924.—Peter Frasco, the above named defendant, pleaded guilty on Sept. 8, 1924, to a charge of common nuisance, and was sentenced to serve a term of six months in the Schuylkill County Prison. After he had entered upon his sentence, an affidavit was filed with the court by Dr. Henry Dirschedl, the prison physician, as follows:

"Pottsville, Pa., September 26th, 1924. Peter Frasco, the above defendant, being in the Schuylkill County Prison, an old man eighty (80) years old, I consider a case that should not be confined in Prison, as on account of his age, physical condition, and matters of a chronic nature, the jail [has] no place where proper attention can be given, and therefore would recommend him to the Schuylkill County Almshouse, Schuylkill Haven, Pa., where they can give him the proper attention and nursing required for a person in advanced years."

The Act of May 31, 1919, P. L. 356, provides that when a person who is confined in any jail under a sentence of a court of record becomes so seriously ill that it is necessary that he be removed from such jail, the court shall have power, upon due proof of the fact of serious illness, to modify his sentence and to provide for the confinement or care of such person in some other suitable institution for the administration of proper treatment, and upon the recovery of such person the court shall recommit him to the jail from which he was removed to serve the unexpired portion of his sentence. It is entirely clear that the affidavit of the prison physician, Dr. Henry Dirschedl, does not constitute due proof that Peter Frasco is so seriously ill that his removal to another institution for proper treatment is necessary. Moreover, the Act

Commonwealth v. Frasco.

of May 10, 1921, § 2, P. L. 433, provides that all prisoners whose physical condition is not considered good, or who are suffering from any disease, shall be segregated from the prisoners who are, or who are considered to be, in good physical condition. The plain meaning of this act is that prisoners who are not suffering from serious illness are to be kept in the prison to which they were committed, segregated from those prisoners who are, or are considered to be, in good health. The request of the prison physician that Peter Fraso, the defendant above named, be transferred from the Schuylkill County Prison to the Schuylkill County Almshouse, at Schuylkill Haven, is, therefore, denied.                                    From M. M. Burke, Shenandoah, Pa.